UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

PHILLIP KENNEDY

       Plaintiff,

vs.

CITY OF HIALEAH, a political subdivision of
The State of Florida;
CITY OF HIALEAH POLICE DEPARTMENT;
COMMANDER LUIS LAHERA;
COMMANDER ERNESTO CLAVIJO
CHIEF SERGIO VELAZQUEZ
CITRUS HEALTH NETWORK, INC.
and the UNITED STATES OF AMERICA,

       Defendants.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, PHILLIP KENNEDY, sues Defendants, CITY OF HIALEAH, CITY OF HIALEAH POLICE DEPARTMENT, COMMANDER LUIS LAHERA, COMMANDER ERNESTO CLAVIJO, CHIEF SERGIO VELAZQUEZ, CITRUS HEALTH NETWORK, INC., and the UNITED STATES OF AMERICA for damages and states as follows:

### JURISDICTION

1) This is an action pursuant to Title 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights and privileges by the Defendants, CITY OF HIALEAH, CITY OF HIALEAH POLICE DEPARTMENT, COMMANDER LUIS LAHERA, COMMANDER ERNESTO CLAVIJO, and CHIEF SERGIO VELAZQUEZ who



Dorta & Ortega, P.A.
3860 SW 8th Street, PH Coral Gables, Florida 33134  305.461.5454  305.461.5226

were acting under color of Law at all times material hereto, thereby violating Plaintiff's rights by false imprisonment.

2) This Court has original jurisdiction over the parties pursuant to Sections 1331 and 1343 of Title 28, United States Code, and 42 U.S.C. Sections 1983 and 1988.

3) Pursuant F.R.C.P. 18 (a) the court has pendant jurisdiction as to the common laws state claims that arise out of the same transaction and occurrence.

4) The claims herein are brought against The United States of America and Citrus are pursuant to the Federal Tort Claims Act (28 U.S.C. Section 2671, et seq.) and 28 U.S.C. Sections 1346(b)(1), for money damages as compensation for negligent and reckless wrongful acts and omissions of employees and agents of CITRUS while acting within the scope of their offices and employment, under circumstances where CITRUS, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Florida.

5) Plaintiff alleges, upon information and belief, that Defendant United States of America, through Defendant Citrus, was at all times a duly authorized agent and/or servant and/or employee and/or master of Citrus, which, in accordance with Section 224 (h)of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as added by the Federally supported Health Centers Assistance Act of 1992, (P.L. 105-501), and all Citrus employees are deemed employees of the Federal Government for purposes of Section 224.

## GENERAL ALLEGATIONS, THE PARTIES AND VENUE

6) Plaintiff has retained the services of the undersigned law firm and agreed to pay a reasonable fee therefore.

7) All conditions precedent necessary to the maintenance of this action have occurred, been waived, or rendered impossible of performance by Defendants, their agents or representatives.

8) Plaintiff did not consent to his involuntary confinement.

9) Plaintiff is a resident of Miami-Dade County and was wrongly confined in Miami-Dade County, Southern District of Florida.

10) Defendant Commander Luis Lahera, at all times material hereto, was an employee of Defendant City of Hialeah Police Department and City of Hialeah, both of which are located in Miami-Dade County, Florida, Southern District of Florida.

11) Defendant Commander ERNESTO CLAVIJO, at all times material hereto, was an employee of Defendant City of Hialeah Police Department and City of Hialeah, both of which are located in Miami-Dade County, Florida.

12) Defendant City of Hialeah is a Political Entity of the State of Florida located in Miami-Dade County, Florida, Southern District of Florida

13) Defendant Chief Sergio Velazquez, at all times material hereto, was an employee of Defendant City of Hialeah Police Department and City of Hialeah, both of which are located in Miami-Dade County, Florida.

14) Defendant Citrus is and at all times mentioned herein was a Florida Corporation authorized to do business and doing business within the State of Florida within Miami-Dade County, Florida.

15) Plaintiff is a sworn police officer for the Defendant and has never been convicted of any crime nor has he ever been diagnosed with a mental illness.

16) Defendant Commander Luis Lahera, was acting within the course and scope of his employment, or acting on behalf of and for the benefit of Defendant City of Hialeah Police Department and Defendant City of Hialeah at all times material hereto.

17) Defendant Commander Ernesto Clavijo was acting within the course of his employment, or acting on behalf of and for the benefit of Defendant City of Hialeah Police Department and Defendant City of Hialeah at all times material hereto.

18) Defendant Chief Sergio Velazquez was acting within the course of his employment, or acting on behalf of and for the benefit of Defendant City of Hialeah Police Department and Defendant City of Hialeah at all times material hereto.

19) Defendant, City of Hialeah is the legal entity responsible for itself and for the City of Hialeah's Police Department. This Defendant is also the employer of Defendants Lahera, Clavijo and Velazquez, and as such is a proper entity to be sued under 42 U.S.C. 1983.

20) As required by statute, Plaintiff presented his claim on Standard form 95 with the Defendant Citrus by mailing this claim to the Office of the General Counsel of the United States Department of Health and Human Services on June 29, 2015. This claim

was received on July 6, 2015. A copy of the claim and the Acknowledgement and Receipt thereof are attached as Exhibit 1 and incorporated herein by reference.

21) The Office of the General Counsel for the United States Department of Health and Human Services has neither allowed nor denied the claim within forty-five days of receipt of the claim and Plaintiff is therefore authorized to file this action.

## DEMAND FOR JURY TRIAL

22) Plaintiff hereby demands trial by jury of all counts herein.

## STATEMENT OF FACTS

23) On May 1, 2014, after being advised by Defendant City of Hialeah Police Department that he was going to receive a counseling document regarding an allegation of improper procedure concerning a notification he wrote, Plaintiff was speaking to Defendant Lahera about how frustrating it was that the police department was issuing such disciplinary documentation to him.

24) While Plaintiff was expressing his frustration, Defendant Lahera asked Plaintiff whether he thought he wanted to hurt himself.

25) Plaintiff made it clear that this was not the case, and that he was venting his frustrations about the unnecessary stresses of the job. This conversation occurred at the end of Plaintiff's shift and like every other day, he went home.

26) Hours later, Defendant Lahera and Clavijo went to Plaintiff's home with orders to involuntarily "Baker Act" plaintiff under Chapter 394, Part I, of the Florida Statutes (2013), known as the "Florida Mental Health Act".



27) Plaintiff, being familiar with the statute and while making clear he was not a threat to himself or anyone else, advised that he would voluntarily proceed to the health care facility to be evaluated.

28) Defendant Clavijo, in the presence of Plaintiff and his wife, called Defendant Velazquez to inquire as to whether Plaintiff could voluntarily subject himself for treatment. While on the phone, Clavijo gestured "no" and upon hanging up advised that Velazquez was ordering Lahera and Clavijo to involuntarily "Baker Act" Plaintiff, in violation of §394.463(2)(i)(3), Fla. Stat. (2013).

29) Plaintiff was involuntarily taken to Citrus Health Network.

30) Defendant Lahera filled out the paperwork for admission to Citrus Health Network and falsely indicated that Plaintiff presented a danger to self and to others.

31) The paperwork filled out by Lahera was incomplete.

32) Defendant United States of America, through its employees and agents at Citrus accepted incomplete paperwork for the admission of Plaintiff and improperly admitted Plaintiff.

33) Defendant United States of America, through its employees and agents at Citrus eventually evaluated Plaintiff and determined that he was not a danger to self or to others.

34) Defendant United States of America, through its employees and agents at Citrus kept the Plaintiff confined, even after they determined that he did not have a mental illness and was not a danger to himself or to others.

35) On May 2, 2014, Plaintiff was released from the mental health facility with a normal diagnosis and was relieved of duty from the Defendant City of Hialeah Police Department.

## COUNT I
## VIOLATION OF CONSTITUTIONAL OR CIVIL RIGHTS

36) Plaintiff repeats and re-alleges Paragraph 1 through 35 as if set forth herein.

37) Defendants City of Hialeah, Cmdr. Lahera, City of Hialeah Police Department, Cmdr. Clavijo, and/or Chief Vealzquez acting under color of State law detained/confined Plaintiff by initiating an illegal Baker Act in violation of Florida Statute §394.463(2)(i)(3), Fla. Stat. (2013) and in violation of Plaintiff's rights and privileges as protected by the Fourth and Fifth Amendment of the United States Constitution, as made applicable to the states via the 14thAmendment.

38) The detention and confinement by Defendants of Plaintiff under the circumstances outlined herein violated Plaintiff's clearly established Constitutional Rights as guaranteed by the United States Constitution made applicable to the states via the 14th Amendment.

39) Defendants knew or should have known that the involuntary confinement, at the request of Defendant Velazquez under the circumstances outlined herein were in violation of his clearly established constitutional rights and otherwise illegal and unsupported by arguable probable cause or sufficient reliable evidence.

40) The City of Hialeah, through its operation of the police department, as created, fostered and allowed by the command structure, at a minimum, tacitly approved the



Dorta & Ortega, P.A.
3860 SW 8th Street, PH Coral Gables, Florida 33134   305.461.5454 305.461.5226

illegal behavior of Defendants Laharea, Clavijo and Velazquez as alleged herein, and generally allows officers to freely utilize the Florida Baker Act Statute, without regards to the law and in violation of the constitutional rights of Plaintiff herein.

41) The Defendants to this claim at all times relevant hereto were acting pursuant to municipal policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to the Plaintiff.

42) Defendant City of Hialeah, by and through, their Police Department routinely misuse Florida Statute §394.463(2)(i)(3) improperly confining citizens at their leisure, as they did to Plaintiff.

43) Plaintiff was damaged as a result of the above mentioned violations of his Constitutional Rights, including but not limited to, his unlawful seizure, detention, loss of income, expenses, damage to his reputation and employability, loss of income therefrom, physical inconvenience, physical discomfort, mental suffering, embarrassment, humiliation, injury to his feelings and reputation, lost wages, and or income. His future employability is impaired and damage to his future earning capacity.

WHEREFORE Plaintiff demands judgment against Defendants for damages including attorney's fees incurred herein, costs, and for such other and further relief as is determined to be just and proper.

## COUNT II
## FALSE IMPRISONMENT

44) Plaintiff repeats and re alleges Paragraphs 1 through 35.



Dorta & Ortega, P.A.
3860 SW 8th Street, PH Coral Gables, Florida 33134   305.461.5454   305.461.5226

45) Plaintiff was wrongfully detained and illegally confined. He was physically deprived of his freedom of movement, his liberty, and his right to privacy as guaranteed by both the Federal and State constitution.

46) Plaintiff was restrained in his movements by Defendants Lahara, Clavijo and Velazquez. The Defendant Officers did not have probable cause or arguable probable cause to detain and confine or restrain Plaintiff's freedom in any fashion.

47) The City of Hialeah, through its operation of the police department, as created, fostered and allowed by the command structure, at a minimum, tacitly approved the illegal behavior of Defendants Laharea, Clavijo and Velazquez as alleged herein, and generally allows officers to freely utilize the Florida Baker Act Statute, without regards to the law.

48) The Defendants to this claim at all times relevant hereto were acting pursuant to municipal policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to the Plaintiff.

49) Plaintiff has suffered damages as a direct result of his wrongful confinement including but not limited including but not limited to, his unlawful seizure, detention, loss of income, expenses, damage to his reputation and employability, loss of income therefrom, physical inconvenience, physical discomfort, mental suffering, embarrassment, humiliation, injury to his feelings and reputation, lost wages, and or income. His future employability is impaired and damage to his future earning capacity.

WHEREFORE Plaintiff demands Judgment against Defendants for damages, costs, and for such other relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF FLORIDA STATUTE §394.463(2)(I)(3)

50) Plaintiff repeats and re alleges Paragraphs 1 through 35.

51) Plaintiff, who does not suffer from mental illness, although indicating that he was not a danger to himself or to others, indicated that he would "voluntarily" accompany the officers to a center for evaluation.

52) According Florida Statute 394.463 (1)(a): " a person shall be involuntarily committed if they refuse a voluntary examination after a conscientious explanation and disclosure of the purpose of the examination."

53) Plaintiff offered to voluntarily accompany the officers. Defendants' Lahera, Clavijo and Velazquez decided that even though Plaintiff would go with them voluntarily, to involuntarily subdue and transport Plaintiff in direct conflict with Florida Statute 394.463.

54) There were neither the criteria for confinement or evaluation, nor was there the need for involuntary confinement.

55) Furthermore, the Statute requires that the Plaintiff be delivered to the nearest DCF designated receiving facility.

56) Defendants Lahera and Clavijo chose to again ignore the Statute and instead of transporting Plaintiff to Palmetto Hospital, they took him further away to Defendant Citrus Health.



Dorta & Ortega, P.A.
3860 SW 8th Street, PH Coral Gables, Florida 33134   305.461.5454   305.461.5226

57) Plaintiff was damaged as a result of the above mentioned violations of his Constitutional Rights including but not limited including but not limited to, his unlawful seizure, detention, loss of income, expenses, damage to his reputation and employability, loss of income therefrom, physical inconvenience, physical discomfort, mental suffering, embarrassment, humiliation, injury to his feelings and reputation, lost wages, and or income. His future employability is impaired and damage to his future earning capacity.

WHEREFORE Plaintiff demands judgment against Defendants for damages, costs and for such other relief as the Court deems just and proper.

## COUNT IV
## NEGLIGENCE (CITRUS)

58) Plaintiff repeats and re alleges Paragraphs 1 through 35.

59) Defendant Citrus has a duty to use reasonable care under the circumstances and breached that duty by negligently and carelessly allowing admission of Plaintiff without requiring Defendant Lahera to properly complete the intake paperwork.

60) At all times material, Defendant Citrus owed Plaintiff a duty to use ordinary reasonable care under the circumstances to properly screen all potential individual to insure that they fit the criteria for admission into the center.

61) Defendant Citrus breached this duty by improperly admitting Plaintiff into the facility despite him having no mental illness and never having made any statements of hurting himself or others.

Dorta & Ortega, P.A.
3860 SW 8th Street, PH Coral Gables, Florida 33134   305.461.5454   305.461.5226

62) Defendant Citrus breached this duty by improperly admitting Plaintiff into the facility despite his acknowledgement that he would voluntarily submit himself for evaluation.

63) As a result of this breach, Plaintiff's damages include, but are not limited to, his unlawful seizure, detention, loss of income, expenses, damage to his reputation and employability, loss of income therefrom, physical inconvenience, physical discomfort, mental suffering, embarrassment, humiliation, injury to his feelings and reputation, lost wages, and or income. His future employability is impaired and damage to his future earning capacity.

WHEREFORE Plaintiff demands judgment against Defendants for damages, costs and for such other relief as the Court deems just and proper.

## COUNT V
## FALSE IMPRISONMENT BY CITRUS

64) Plaintiff repeats and re alleges Paragraphs 1 through 35.

65) Plaintiff was wrongfully detained and illegally confined by Citrus. He was physically deprived of his freedom of movement, his liberty, and his right to privacy as guaranteed by both the Federal and State constitution.

66) Plaintiff was restrained in his movements by Citrus without probable cause or arguable probable cause to detain and confine or restrain Plaintiff's freedom in any fashion.

67) Even after Plaintiff was cleared of having no mental illness and not being a danger to himself or others, Defendant Citrus still kept him in custody for an additional five hours.

68) Plaintiff has suffered damages as a direct result of his wrongful confinement including but not limited including but not limited to, his unlawful seizure, detention, loss of



Dorta & Ortega, P.A.
3860 SW 8th Street, PH Coral Gables, Florida 33134   305.461.5454 305.461.5226

income, expenses, damage to his reputation and employability, loss of income therefrom, physical inconvenience, physical discomfort, mental suffering, embarrassment, humiliation, injury to his feelings and reputation, lost wages, and or income. His future employability is impaired and damage to his future earning capacity.

WHEREFORE Plaintiff demands Judgment against Defendants for damages, costs, and for such other relief as the Court deems just and proper.

## COUNT VI
## NEGLIGENCE (UNITED STATES)

69) Plaintiff repeats and re alleges Paragraphs 1 through 35.

70) Defendant United States of America, through its employees and agents at Citrus has a duty to use reasonable care under the circumstances and breached that duty by negligently and carelessly allowing admission of Plaintiff without requiring Defendant Lahera to properly complete the paperwork.

71) At all times material, Defendant United States of America, through its employees and agents at Citrus owed Plaintiff a duty to use ordinary reasonable care under the circumstances to properly screen all potential individual to insure that they fit the criteria for admission into the center.

72) Defendant United States of America, through its employees and agents at Citrus breached this duty by improperly admitting Plaintiff into the facility despite him having no mental illness and never having made any statements of hurting himself or others.



Dorta & Ortega, P.A.
3860 SW 8th Street, PH Coral Gables, Florida 33134   305.461.5454  305.461.5226

73) Defendant United States of America, through its employees and agents at Citrus breached this duty by improperly admitting Plaintiff into the facility despite his acknowledgement that he would voluntarily submit himself for evaluation.

74) As a result of this breach, Plaintiff's damages include, but are not limited to, his unlawful seizure, detention, loss of income, expenses, damage to his reputation and employability, loss of income therefrom, physical inconvenience, physical discomfort, mental suffering, embarrassment, humiliation, injury to his feelings and reputation, lost wages, and or income. His future employability is impaired and damage to his future earning capacity.

WHEREFORE Plaintiff demands judgment against Defendants for damages, costs and for such other relief as the Court deems just and proper.

## COUNT VII
## FALSE IMPRISONMENT BY UNITED STATES

75) Plaintiff repeats and re alleges Paragraphs 1 through 35.

76) Plaintiff was wrongfully detained and illegally confined by Defendant United States of America, through its employees and agents at Citrus. He was physically deprived of his freedom of movement, his liberty, and his right to privacy as guaranteed by both the Federal and State constitution.

77) Plaintiff was restrained in his movements by Defendant United States of America, through its employees and agents at Citrus without probable cause or arguable probable cause to detain and confine or restrain Plaintiff's freedom in any fashion.

78) Even after Plaintiff was cleared of having no mental illness and not being a danger to himself or others, Defendant United States of America, through its employees and agents at Citrus still kept him in custody for an additional five hours.

79) Plaintiff has suffered damages as a direct result of his wrongful confinement including but not limited including but not limited to, his unlawful seizure, detention, loss of income, expenses, damage to his reputation and employability, loss of income therefrom, physical inconvenience, physical discomfort, mental suffering, embarrassment, humiliation, injury to his feelings and reputation, lost wages, and or income. His future employability is impaired and damage to his future earning capacity.

WHEREFORE Plaintiff demands Judgment against Defendants for damages, costs, and for such other relief as the Court deems just and proper.

Dated this 20 day of August, 2015.

DORTA & ORTEGA, P.A.
3860 SW 8th Street, PH
Coral Gables, FL 33134
(305) 461-5454/Fax: 305-461-5226

By:

/s/ Rey Dorta_____

Rey Dorta, ESQ.
F.B.N. 0084920

